# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JEREMIE McCOY,

    Petitioner,

                                   Civil Action No. 18-11411

v.

                                   HONORABLE DENISE PAGE HOOD

CARMELA McCOY,

    Respondent.

_____/

## ORDER DENYING AND SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE ANY CERTIFICATE OF APPEALABILITY

Before the Court is a Petition for Non-Statutory Writ of Habeas Corpus under Article 1 Section 9 of the United States Constitution. (Doc., No. 1) Petitioner Jeremie McCoy asserts that he has been restrained, "not bodily," but by a state court judgment that violated his due process. Petitioner asserts that the denial of the writ of habeas corpus would subject Petitioner with contempt and deprive him of property. Petitioner attached a copy of a motion filed before the Third Judicial Circuit for the County of Wayne, State of Michigan involving a divorce action and request for a Qualified Domestic Relations Order ("QDRO"). *Id.* at Pg ID 12.

Generally, a Writ of Habeas Petition from a state court judgment, Section 2254 states that "a district court shall entertain an application for a writ of habeas corpus on

behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). For a federal court to have jurisdiction and grant § 2254 relief, the petitioner must be in custody pursuant to the judgment of a state court. *Steverson v. Summers,* 258 F.3d 520, 522 (6th Cir. 2001). A petitioner need not be physically incarcerated at the time the petition is adjudicated or at the time the petition is filed, but must be subject to restraints not shared by the public generally such as being on parole, probation or out on bail. *Hensley v. Municipal Court, San Jose–Milipitas Judicial Dist.,* 411 U.S. 345, 351 (1973). Even if a petitioner if exposed to a criminal contempt conviction with a possible sanction of jail time, this does not meet the "in custody" requirement for purposes of federal habeas corpus jurisdiction. *Maleng v. Cook,* 490 U.S. 488, 492 (1989); *Musilli v. Googasian Firm, P.C.,* 2010 WL 25955552, *4 (E.D. Mich. June 24, 2010). "The custody requirement serves to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Tinder v. Sister Rose Paula,* 725 F.2d 801, 803 (1st Cir. 1984).

Liberally construing Petitioner's papers, the Court finds that Petitioner fails to meet the "in custody" requirement under § 2254. Petitioner fails to allege that he is subject to any restraints issued by a state tribunal. Rather, Petitioner seeks review of the rulings by a state court involving a divorce action and a request for a QDRO. The

Court has no subject matter jurisdiction to grant relief under § 2254 since Petitioner is not "in custody."

The Court also has no jurisdiction to review any state court rulings as to the divorce action. Federal courts are courts of limited jurisdiction which may exercise only those powers authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). The party asserting jurisdiction has the burden of establishing whether the court has jurisdiction over a matter. *Id.* at 377. The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue. *See Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986); *Amer. Telecom Co., L.L.C. v. Republic of Lebanon,* 501 F.3d 534, 537 (6th Cir. 2007)("Subject matter jurisdiction is always a threshold question.").

The Supreme Court has held that federal courts lack jurisdiction over questions of divorce, alimony, or child custody. *See Barber v. Barber,* 62 U.S. (21 How.) 582, 584 (1858); *Ankenbrandt v. Richards,* 504 U.S. 689, 703-07 (1992). "Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Co.,* 654 F.2d 1212, 1215 (6th Cir. 1981). "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the state and

3

not to the laws of the United States." *In re Burrus,* 136 U.S. 586, 593-94 (1890); *Partridge v. Ohio,* 79 F. App'x 844, 845 (6th Cir. 2003)("[F]ederal courts have no jurisdiction to resolve domestic relations disputes involving child custody or divorce."). Federal courts also lack jurisdiction to review the decisions made by Michigan courts in domestic relations disputes since the federal courts do not possess direct oversight powers over Michigan's courts. *See, In re Cook,* 551 F.3d 542, 548 (6th Cir. 2009); *Hood v. Keller,* 341 F.3d 593, 597 (6th Cir. 2003). A party may appeal an adverse decision of a state trial court to the Michigan Court of Appeals, an application for leave to appeal to the Michigan Supreme Court, and thereafter an application for a writ of certiorari before the United States Supreme Court. *See District of Columbia Circuit Court of Appeals v. Feldman,* 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923); *Lawrence v. Welch,* 531 F.3d 364, 368-69 (6th Cir. 2008).

Based on the above, the Court has no jurisdiction to review the decisions of the Michigan courts regarding domestic relations issues raised by Petitioner in his papers under § 2254, any other federal "Non-Statutory Writ of Habeas Corpus," or any other federal law. The law is clear as noted above that this Court lacks subject matter jurisdiction to review issues related to domestic relations issued by the Michigan courts.

Accordingly,

IT IS ORDERED that Petitioner's "Non-Statutory Writ of Habeas Corpus under Article 1 Section 9 of the United States Constitution" **(Doc. No. 1)** is DENIED and DISMISSED with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability *not* issue in this case. The Court denies any request to issue a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner is not a prisoner and has not shown a substantial showing of the denial of a constitutional right.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: June 6, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 6, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager